## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Louis Iudiciani, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> The Seyboth Team Real Estate Inc. d/b/a Century 21 Limitless, <br><br> Defendant. | CASE NO. <br><br> CLASS ACTION COMPLAINT <br><br> <u>JURY TRIAL DEMANDED</u> |

### Nature of this Action

1. Louis Iudiciani ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against The Seyboth Team Real Estate Inc. d/b/a Century 21 Limitless ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing text message to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

3. Additionally, upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4) by delivering more than one advertisement or telemarketing message to residential telephone numbers while failing to identify "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

### Parties

4. Plaintiff is a natural person who at all relevant times resided in Cumberland, Rhode

1

Island.

5. Defendant is a Massachusetts corporation that runs a real estate business headquartered in East Providence, Rhode Island.

6. Upon information and good faith belief, Century 21 Limitless PRG is a d/b/a of The Seyboth Team Real Estate, Inc.[1]

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

8. Venue is proper before this Court under 28 U.S.C. § 1391(b)(1) as both Plaintiff and Defendant are based in this district and a significant portion of the events giving rise to this action occurred in this district.

9. In particular, Defendant directed its text messages to Plaintiff's telephone in this district, and Plaintiff received Defendant's text messages in this district.

## Factual Allegations

10. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(401) 316-XXXX.

11. Plaintiff uses his cellular telephone as one of his personal residential telephone numbers.

12. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039

---

[1] According to the Rhode Island Department of State, Defendant operates at least 10 different fictitious names utilizing "Century 21."

(2003).

13.     Plaintiff registered his cellular telephone number with the DNC Registry in November, 2004.

14.     Beginning in early 2022 and continuing through the present, Plaintiff began receiving text messages on his cellular telephone from several telephone numbers, including:



15.     Plaintiff did not recognize the sender of these text messages.

16.     Plaintiff is not, and was not, interested in selling his home, or purchasing another home.

17.     Plaintiff is not, and was not, interested in Defendant's services or marketing.

18.     Plaintiff did not previously contact or transact with Defendant.

19.     To confirm that the same entity was responsible for sending each of these text

messages, Plaintiff requested the website associated with the entity responsible for each of these messages, and in turn, was provided the following links: http://www.c21limitless.com and http://www.premrg.com—each of which is associated with, or operated by, Defendant.

20.     Plaintiff estimates that he has received at least three telemarketing and solicitation text messages from Defendant from telephone numbers (401) 889-2597 and (401) 307-4482, and estimates that he has received several additional text messages from Defendant.

21.     For example, Plaintiff received several other text messages seeking to contact Plaintiff to buy a home, albeit without stating "Century 21" in those text messages:



22. Defendant sent, or caused to be sent, at least three advertisement or telemarketing text messages to Plaintiff's cellular telephone in 2023.

23. Plaintiff did not give Defendant prior express consent or prior express written consent to send text messages to his cellular telephone number.

24. Defendant sent the text messages at issue for non-emergency purposes.

25. Upon information and good faith belief, Defendant sent the text messages at issue voluntarily.

26. The purpose of the text messages at issue was to advertise and to market Defendant's business or services.

27. Specifically, as a real estate agency, Defendant sought to represent Plaintiff in either a purchase of a new home or a sale of his home, in exchange for a commission.

28. In 2005, the National Association of Realtors petitioned the FCC for an exemption from the Do-Not-Call rules' definition of "solicitation" for calls made by real estate agents to property owners with lapsed real estate listings, where the real estate agent solicits their services to a prospective seller. *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 20 F.C.C. Rcd. 3788 (2005).

29. In interpreting the definition of "telephone solicitation," the FCC rejected this exemption, and concluded "that a telephone solicitation would include calls by real estate agents to property owners for the purpose of offering their services to the owner, whether the property listing has lapsed or not." *Id.* at 3793-94.

30. As a result, Defendant's conduct—contacting known or suspected homeowners by text message to offer representation to the homeowner as a buyer's or seller's agent, in exchange for commission—fits squarely within the TCPA's definition of telemarketing or solicitation, as

5

reinforced by the FCC.

31.     Based on negative reviews online and Defendant's responses to them, Defendant appears to routinely deliver telemarketing and solicitation messages to consumers without first obtaining their prior express written consent:



32. Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing text messages to his cellular telephone number.

33. Plaintiff suffered actual harm as a result of the text messages at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

34. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered his cellular telephone number with the DNC Registry.

## Class Action Allegations

35. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

**Federal Do-Not-Call Registry Class:**

All persons throughout the United States (1) to whom The Seyboth Team Real Estate Inc. d/b/a Century 21 Limitless delivered, or caused to be delivered, more than one text message within a 12-month period, promoting The Seyboth Team Real Estate Inc. d/b/a Century 21 Limitless' or its business partners' goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before The Seyboth Team Real Estate Inc. d/b/a Century 21 Limitless delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

**Sender Identification Class:**[2]

All persons and entities throughout the United States (1) to whom The Seyboth Team Real Estate Inc. d/b/a Century 21 Limitless delivered, or caused to be delivered, more than one text message within a 12-month period, promoting The Seyboth Team Real Estate Inc. d/b/a Century 21 Limitless' or its business partners' goods or services, (2) where the subject text messages did not state the name of the individual caller, the name of The Seyboth Team Real Estate Inc. d/b/a Century 21 Limitless, and a telephone number or address at which The Seyboth Team Real Estate Inc. d/b/a Century 21 Limitless may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

---

[2] The "Federal Do-Not-Call Registry Class" and the "Sender Identification Class" are collectively referred to as the "Classes."

36. Excluded from the Classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

37. Upon information and belief, the members of the Classes are so numerous that joinder of all of them is impracticable.

38. The exact number of members of the Classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

39. The members of the Classes are ascertainable because the Classes are defined by reference to objective criteria.

40. In addition, the members of the Classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties, including members of the Classes.

41. Plaintiff's claims are typical of the claims of the members of the Classes.

42. As it did for all members of the Federal Do-Not-Call Registry Class, Defendant delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered his telephone number with the DNC Registry.

43. As it did for all members of the Sender Identification Class, Defendant delivered solicitation text messages to Plaintiff's telephone number where the subject text messages did not state the name of the individual caller, the name of The Seyboth Team Real Estate Inc. d/b/a Century 21 Limitless, and a telephone number or address at which The Seyboth Team Real Estate Inc. d/b/a Century 21 Limitless may be contacted.

44. Plaintiff's claims, and the claims of the members of the Classes, originate from the same conduct, practice, and procedure on the part of Defendant.

45. Plaintiff's claims are based on the same theories as are the claims of the members of the Classes.

46. Plaintiff suffered the same injuries as the members of the Classes.

47. Plaintiff will fairly and adequately protect the interests of the members of the Classes.

48. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Classes.

49. Plaintiff will vigorously pursue the claims of the members of the Classes.

50. Plaintiff has retained counsel experienced and competent in class action litigation.

51. Plaintiff's counsel will vigorously pursue this matter.

52. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Classes.

53. The questions of law and fact common to the members of the Classes predominate over questions that may affect individual members of the Classes.

54. Issues of law and fact common to all members of the Classes include:

    a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

    b. For the Federal Do-Not-Call Registry Class, Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

    c. For the Sender Identification Class, Defendant's practice of delivering text messages, for solicitation purposes, without identifying the name of the individual caller, the name of The Seyboth Team Real Estate Inc. d/b/a

                    Century 21 Limitless, and a telephone number or address at which Defendant may be contacted;

        d.       Defendant's violations of the TCPA; and

        e.       The availability of statutory penalties.

55.      A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56.      If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.

57.      The pursuit of separate actions by individual members of the Classes would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.

58.      The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

59.      These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Classes.

60.      The damages suffered by the individual member of the Classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Classes to redress the wrongs done to them.

61.      The pursuit of Plaintiff's claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.

62.      There will be no extraordinary difficulty in the management of this action as a class

action.

63. Defendant acted or refused to act on grounds generally applicable to the members of the Classes, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(c)(5)
### On behalf of the Federal Do-Not-Call Registry Class

64. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

66. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

67. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

68. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

69. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Federal Do-Not-Call Registry Class who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

70. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

71. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

**Count II**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Sender Identification Class**

72. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

73. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

74. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be

contacted." *Id.* at § 64.1200(d)(4).

75.     Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

76.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

77.     Defendant violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Sender Identification Class while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

78.     Defendant therefore violated 47 U.S.C. § 227(c)(5) because of its violations of 47 C.F.R. § 64.1200(d)(4).

79.     Plaintiff and the Sender Identification Class were harmed by Defendant's omission of this required information because they were (1) frustrated by their inability to identify the entity responsible for the solicitation communications at issue; (2) required to spend time attempting to identify the entity responsible for sending the text messages at issue; and (3) required to spend additional time investigating methods to get Defendant to stop delivering those messages.

80.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiff and the Sender Identification Class are entitled to damages in an amount

to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a. Determining that this action is a proper class action;

 b. Designating Plaintiff as a class representative of the proposed Classes under Federal Rule of Civil Procedure 23;

 c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

 d. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

 e. Enjoining Defendant from continuing their violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

 f. Awarding Plaintiff and the members of the Classes damages under 47 U.S.C. § 227(c)(5)(B);

 g. Awarding Plaintiff and the members of the Classes treble damages under 47 U.S.C. § 227(c)(5)(C);

 h. Awarding Plaintiff and the members of the Classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

 i. Awarding Plaintiff and the members of the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

 j. Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: October 25, 2023

*/s/ Christopher M. Lefebvre*
Christopher M. Lefebvre, Esq.
THE CONSUMER AND FAMILY LAW CENTER OF CLAUDE F. LEFEBVRE & CHRISTOPHER M. LEFEBVRE, P.C.
2 Dexter Street
Pawtucket, RI 02860
Tele: 401-728-6060
Chris@lefebvrelaw.com

Alex D. Kruzyk* (to seek admission *pro hac vice*)
PARDELL, KRUZYK & GIRIBALDO, PLLC
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tele: (561) 726-8444
akruzyk@pkglegal.com

*Counsel for Plaintiff and the proposed classes*