UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Louis Iudiciani, on behalf of himself :
and all others similarly situated, :
:
Plaintiff, :
:
v. : CASE NO. 1:23-cv-00443-MSM-LDA
:
The Seyboth Team Real Estate Inc. :
d/b/a Century 21 Limitless, :
:
Defendant.

**DEFENDANT, THE SEYBOTH TEAM REAL ESTATE, INC. d/b/a CENTURY 21 LIMITLESS' OBJECTION TO PLAINTIFF'S MOTION TO SHOW CAUSE**

NOW comes Defendant, The Seyboth Team Real Estate, Inc.'s (hereinafter "Defendant") Objection to Plaintiff's Motion for an Order to Show Cause why it should not be sanctioned for "ongoing discovery misconduct." (ECF No. 17 at 11; Pl.'s Mot. 11.) For the reasons set forth below, Plaintiff's motion should be denied.

**I.    FACTUAL BACKGROUND**

In this matter, Plaintiff seeks to represent a proposed class of individuals, and he alleges that Defendant violated 47 U.S.C. § 227(c)(5) on behalf of the Federal Do-Not-Call Registry Class "because it delivered, or caused to be delivered, to Plaintiff and the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200." ECF. No. 1, ¶ 70. Plaintiff also alleges that Defendant violated 47 U.S.C. ¶ 227 (c)(5) on behalf of the Sender Information Class. *Id*. at ¶¶ 72-80. Plaintiff subsequently served Defendant with overly discovery requests that seek massive amounts of information from the Defendant. Defendant asserts that many of these requests are overly broad and cumbersome. To the best of Defendant's ability, Defendant answered Plaintiff's discovery requests. After conferring occurred

1

between the parties on October 21, 2024, Plaintiff and Defendant agreed to a narrowed scope of sought supplemental discovery responses in an opportunity to satisfy Plaintiff's discovery requests. Additionally, during that phone call—and conveniently excluded as information from Plaintiff's motion—, the parties also agreed to extend the time for Plaintiff to file his motion for class certification to a date in early 2025.[1] It was stipulated that this extension was to allow Defendant to supplement its discovery responses, as well as to allow time to take certain depositions.

Immediately after the phone call, Defendant's counsel worked with Defendant to discuss Plaintiff's discovery requests. On several occasions, Defendant and Defendant's counsel have conferred, and Defendant has indicated that it is gathering information. In order to answer said discovery, Defendants are actively searching for information through two databases to obtain information within the relevant time period. In the interim, Plaintiff filed this motion to show cause on November 12, 2024, less than three weeks after the parties conferred regarding discovery requests.

II.   **STANDARD OF REVIEW**

District Courts have broad discretion to manage discovery matters. *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003). "Parties may request discovery on 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *DiCristoforo v. Fertility Solutions, P.C.*, 698 F.Supp. 3d 249, 251 (D.R.I. Oct. 13, 2023) (quoting Fed.R. Civ. P. 26(b)(1)). A party may seek an order to compel discovery

---

[1] Plaintiff has since filed his motion for extension of time to file his motion for class certification, in which he requests a deadline of March 30, 2025. *See* ECF No. 18.

if that party certifies that the parties have conferred in good faith and failed to come to a resolution. Fed. R. Civ. P. 37(a).

### III. ARGUMENT

**A. Plaintiff's motion for Defendant to show cause on why it should not be sanctioned should be denied because Defendant is actively working to obtain the necessary answers and responses.**

Defendant begins by stating that, here, the parties have conferred in good faith to rectify any discovery discrepancies. Additionally, the parties have come to a resolution for Defendant to produce the requests that Plaintiff has asked: Defendant would work to produce the requested, non-privileged discovery pursuant to Plaintiff and Defendant's phone call conversation on October 21, 2024.

Without entering into argument based on each individual discovery request, Defendant asserts here that some of the information sought by Plaintiff incorrectly attempts to obtain information that Defendant simply does not have. Yet, Plaintiff continues to seek this unobtainable information and accuses Defendant of withholding the information.[2] With respect to information that Defendant can obtain, Defendant maintains that it is working as quickly as possible to obtain any and all discoverable information that accurately answers Plaintiff's long-winded discovery requests in his interrogatories and requests for production of documents. Defendant steadfastly denies that it is ignoring Plaintiff's requests and purposely delaying this litigation. On the contrary, Plaintiff continues to seek supplemental information and request more and more data; to accurately respond, Defendant submits that the process of obtaining such information takes time and patience. In order to filter out the specific phrases or total number of text messages that qualify for Plaintiff's

---

[2] Per interrogatory No. 1 of Plaintiff's requests, Defendant has no way of obtaining text messages that contain the phrase "free market evaluation."

3

requests, Defendant cannot simply snap its fingers and have the information magically appear. Defendant is attempting to use its databases and software to strain through each interrogatory or document request as to answer each and every question to the fullest extent possible. Additionally, Defendant has already submitted information to Plaintiff, including that in a one-year period, hundreds of text messages were sent to various telephone numbers. Plaintiff has been served with that, along with all text message communications made specifically between the named Plaintiff and the Defendant.

Additionally, Defendant does not, and would not, argue that it is withholding discovery on the basis of boilerplate objections. Defendant's objections in its responses/answers were made in good faith and in contrast to Plaintiff's run-on, overly broad requests. Plaintiff's consistent neglect to accept Defendant's objections does not require court intervention to alleviate any issue, because there is no issue with Defendant's objections. For example, with respect to Request No. 27, Defendant's objection was made because Plaintiff's request was overly broad and not reasonably calculated to lead to admissible evidence. *See* Pl.'s Ex. C. No. 27. It *is* entirely irrelevant to the matter at hand. Plaintiff's attempt to obtain revenue from all text messages that Defendant sent to telephone numbers is obscenely broad and completely outside the scope of this litigation. Moreover, to track down all sources of revenue Defendant received that were related to text messages would be immensely time consuming, and not to mention subjective. Defendant is not withholding information, but rightfully objected to its relevance in this case.

Plaintiff has also recently moved to extend the deadline to file his motion for class certification from December 20, 2024 to March 20, 2025. *See* ECF No. 18. True to its word, Defendant has no objection to this request. However, were the Court to grant Plaintiff's motion for an extension of time, while also granting Plaintiff's motion here for an order to show cause on

4

why it should not be sanctioned—an order for the Defendant to answer discovery within a certain time period—, the only prejudiced party would be Defendant. Defendant maintains that it is doing everything it can to obtain the information. And Plaintiff has an interest in allowing Defendant to accurately answer the requested discovery. Defendant is acting in good faith, attempting to gather the relevant, discoverable documents and/or answers to Plaintiff's requests. If Plaintiff's motion is granted for another order to compel discovery within a certain time period, what is to stop Plaintiff from coming back to this Court at a later date if he deems the information incomplete, or not to his liking? Defendant should be able to accurately gather the discovery information without court intervention or being ordered to show cause why it should not be sanctioned, as no prejudice exists against Plaintiff if the Court grants Plaintiff's motion for an extension of time.

**B. Sanctions are an extreme remedy and are not warranted.**

In addition to statutory sanctions, the district court has the inherent power to issue sanctions; that power, however, should be "exercised with restraint and circumspection." *Pimentel-Soto,* 957 F.3d 82, 87 (1st Cir. 2020) (internal quotation marks omitted). A court has the "inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad faith, vexatious, wanton, or oppressive behavior." *Tobias v. Smith*, Civil Action No. 22-10609-FDS, 2023 WL 168659, at *4 (D. Mass. Jan 12, 2023). Sanctions based on the court's inherent power may be based on the time the judge and court staff are required to invest. *Shire LLC v. Abhai*, LLC, 298 F. Supp. 3d 303, 335-36 (D. Mass. 2018) (a judge's time "is the most expensive resource in the courthouse" and the "judicial system of dispute resolution is not cost free and those who abuse it through misconduct impose direct costs on the law abiding taxpayers who support

it") (internal quotation marks omitted), appeal dismissed, Nos. 2018-1866, 2018-2280, 2018 WL 5270466 (Fed Cir. Oct, 22, 2018).

Here, the matter does not warrant the issuance of sanctions. This is not the case where Defendant is continuously defying this court's orders. Rather, the Court has granted Plaintiff's motion to compel discovery, and that motion was granted on September 17, 2024. *See* E.C.F. TEXT ORDER (Sept. 17, 2024). The parties have met and discussed the discrepancies of discovery responses and further information that is sought by the Plaintiff. Plaintiff is aware of the voluminous requests he has put forth, seeking information dating back to 2019. This is not a scenario where the Defendant is defying this Court's prior order to compel discovery responses, because Defendant is actively working on said responses and has spoken with Plaintiff's counsel regarding those requests. No sanction is warranted here as it is a routine discovery issue. It is only two months removed from this Court's text order; additionally, Plaintiff's motion for extension of time to file his motion for class certification removes any amount of potential prejudice present in not receiving his discovery requests immediately or by court intervention. As such, Defendant submits that no sanction is warranted in resolving this routine discovery issue.

## IV. CONCLUSION

For the reasons set forth above, Defendant requests that Plaintiff's Motion for an Order to Show Cause for why Defendant should not be sanctioned should be denied. It is extraneous, as Defendant is currently attempting to fulfill Plaintiff's requests in good faith. Moreover, Plaintiff's request that this Court enter another order compelling discovery should be denied as well. It is moot because Defendant is already working to complete and serve said requested discovery.

**Defendant, The Real Seyboth Team Real Estate, Inc. d/b/a Century 21 Limitless,**
By its Attorney,

*/s/ Kurt Rocha*
Kurt A. Rocha, #8591
krocha@melicklaw.com
Ryan Coyne, #10614
rcoyne@melicklaw.com
Melick & Porter, LLP
One Richmond Square, Suite 230E
Providence, Rhode Island 02906
Telephone: (401) 522-5159
Facsimile: (401) 941-6269

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the within document was electronically submitted to the Electronic Case Filing System of the United States District Court for its distribution to all counsel of record on November 26, 2024.

*/s/ Ryan C. Coyne*